UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Chapter 7 Proceedings |
| EDWARD W. NISHNIC, | Case No. 05-90973 |
| Debtor. | |
| | Judge Arthur I. Harris |
| JEROME BRENTAR, *et al.*, | |
| Plaintiffs, | Adversary Proceeding No. 06-1143 |
| v. | |
| EDWARD W. NISHNIC, | |
| Defendant. | |

MEMORANDUM OF OPINION

Before the Court is defendant's motion for summary judgment. At issue is whether a debt owed by the debtor-defendant is nondischargeable as debt arising from "false pretenses, a false representation, or actual fraud" under 11 U.S.C. § 523(a)(2)(A). The defendant seeks summary judgment based upon a state court jury finding that defendant did not commit fraud under Ohio law; plaintiffs argue that the jury's finding does not preclude a finding of "false pretenses" or "a false representation." For the reasons stated below, defendant's motion for summary judgment is granted based upon the state court jury findings and issue preclusion. Defendant's judgment debt owed to the plaintiffs is dischargeable.

## JURISDICTION

Determinations of dischargeability are core proceedings under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 12, 2005, debtor Edward Nishnic filed a Chapter 7 petition. The trustee filed a no asset report, and the debtor eventually received his discharge. On February 10, 2006, Jerome Brentar and several related corporations (collectively "plaintiffs") filed this adversary proceeding, and on April 5, 2006, the plaintiffs filed an amended complaint. The amended complaint alleges that Nishnic made misrepresentations regarding his intent to repay loans advanced by the plaintiff. The complaint asks the Court to find the resulting damages nondischargeable as debt for "money, property, services, or an extension . . . of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud" under 11 U.S.C. § 523(a)(2)(A). The amended complaint also briefly refers to § 523(a)(4) in a paragraph asserting that the matter is a core proceeding.

On April 28, 2006, the Court entered an order granting plaintiffs' motion for relief from stay, filed in the main case, so that the plaintiffs could proceed to trial

with their state court lawsuit against Nishnic and several others. The state court lawsuit had been filed in 2003. On June 6, 2006, the parties filed joint stipulations indicating that the state court lawsuit went forward and a jury awarded plaintiffs $90,000 in breach of contract damages, including $18,000 apportioned to Nishnic. The jury interrogatories were also attached, and seven of the eight jury members agreed to check "NO" in response to the question "Do you find that fraud was committed by [Edward Nishnic] in [his] dealings with the Plaintiffs?"

On July 5, 2006, Nishnic filed his motion for summary judgment arguing that the jury finding of no fraud is determinative of this adversary proceeding under the doctrine of issue preclusion. In their opposition, plaintiffs argued that issue preclusion should only preclude a finding of "actual fraud" under § 523(a)(2)(A) but should not preclude a finding of "false pretenses" or "false representation" because these torts were not before the jury. In his response brief, Nishnic argued that Ohio's state law claim for fraud is inclusive of all three torts and therefore the plaintiffs are precluded from arguing any of the three. None of the briefing from either party refers to § 523(a)(4). The Court is now ready to rule.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary

3

judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

Plaintiffs cited § 523(a)(4) in an initial paragraph of the amended complaint but none of the facts in the complaint suggests a fiduciary relationship, embezzlement, or larceny, and the complaint's prayer for relief only cites § 523(a)(2)(A). Therefore, the Court finds that the plaintiffs are not seeking a nondischargeability finding pursuant to § 523(a)(4). Plaintiffs instead argue that Nishnic's debt to plaintiffs is nondischargeable pursuant to § 523(a)(2)(A). Section 523 provides in pertinent part:

> (a) A discharge under section 727. . . of this title does not discharge an individual debtor from any debt –
> . . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

Plaintiffs concede that, based on the jury's finding of no fraud in the state court suit, they are precluded from arguing that the debt was obtained by "actual fraud." *See In re Francis*, 226 B.R. 385, 389 (B.A.P. 6th Cir. 1998) (comparing elements of fraud under bankruptcy and Ohio law and finding them "virtually identical" such that issue preclusion would apply); *see also In re Foster*, 280 B.R. 193, 205 (Bankr. S.D. Ohio 2002); *In re Henderson*, 277 B.R. 889, 892 (Bankr. S.D. Ohio

5

2002); *In re Brown*, 215 B.R. 844, 847-48 (Bankr. E.D. Ky. 1998). Instead, plaintiffs argue that the debt was obtained by "false pretenses" or "a false representation." Nishnic argues that the jury's finding of no fraud also precludes a finding of false pretenses or false representation.

Issue preclusion, sometimes referred to as collateral estoppel, prevents the same parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. *See In re Fordu*, 201 F.3d 693, 704 (6th Cir. 1999). It is well established that issue preclusion principles apply to bankruptcy proceedings and can be used in nondischargeability actions to prevent relitigation of issues that were already decided in a state court. *See, e.g., Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."); *Stone v. Kirk*, 8 F.3d 1079, 1090 (6th Cir. 1993) ("That 'Congress intended the bankruptcy court to determine the final result – dischargeability or not – does not require the bankruptcy court to redetermine all the underlying facts.'").

Under the full faith and credit principles of 28 U.S.C. § 1738, state law, not federal common law, governs the preclusive effect of a state court judgment. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 374 (1985). A

bankruptcy court must give the same issue preclusive effect to a state court judgment as the judgment would be given under that state's law. *See* 470 U.S. at 374. Accordingly, in this case the Court will apply Ohio's law on issue preclusion to the Ohio court's jury finding of no fraud. *See, e.g., Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315 (6th Cir. 1997) (applying California law to a California court's default judgment).

Under Ohio law, the doctrine of issue preclusion,

> applies when a fact or issue '(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action.'

*In re Fordu*, 201 F.3d at 704 (quoting *Thompson v. Wing*, 70 Ohio St. 3d 176, 183, 637 N.E.2d 917, 923 (1994)); *accord In re Sweeney*, 276 B.R. 186 (B.A.P. 6th Cir. 2002) (utilizing a four part test for issue preclusion); *In re Rebarchek*, 293 B.R. 400, 405 (Bankr. N.D. Ohio 2002) (applying issue preclusion to find debt nondischargeable under § 523(a)(2)(A) based on prior award of treble damages under the Ohio Consumer Protection Act).

In this case, the critical question is whether the issues of false pretenses and false representation were "actually and directly litigated" in the state court action and decided by the jury. *See In re Sweeney*, 276 B.R. at 189 (requiring that the

"issue in the present suit must have been identical to the issue in the prior suit"). Specifically, the Court must decide whether one can establish the elements of nondischargeability under § 523(a)(2)(A) without also establishing the elements for civil fraud under Ohio law.

Some courts have attempted to distinguish the three categories listed in § 523(a)(2)(A). *See, e.g., In re Fletcher*, __ B.R. __, 2006 WL 2050264, *4 (Bankr. N.D. Ohio 2006) ("Each of the three grounds for nondischargeability set forth in § 523(a)(2)(A) are independent; for example, a "false representation" involves an express representation, while "false pretenses" are set around implied misrepresentations or conduct that is intended to create and foster a false impression."); *In re Baietti*, 189 B.R. 549, 553-55 (Bankr. D. Me. 1995) (noting that "[i]n the mill-run case, careful distinctions among the three categories is unimportant, leading some courts to opine that they are functionally equivalent" but then finding some distinctions). *But see In re Patten*, 225 B.R. 211, 215 (Bankr. D. Or. 1998) ("There is no significant difference, however, between the terms 'false pretenses,' 'false representation,' and 'actual fraud.' Fraud includes false pretenses and false representation for dischargeability purposes.").

The Sixth Circuit, however, has not made a distinction between the three categories but has instead offered a unifying definition of § 523(a)(2)(A):

8

> In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*In re Rembert*, 141 F.3d 277, 280-81 (6th Cir. 1998) (citing *In re McLaren*, 3 F.3d 958, 961 (6th Cir. 1993) (establishing the same test except requiring reasonable reliance, which was overruled in *Field v. Mans*, 516 U.S. 59 (1995))).

Those four elements are substantially similar to the elements of an Ohio fraud claim:

> (a) representation or, when there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 514 N.E.2d 709, 712 (1987); *see In re McLaren*, 136 B.R. 705, 710 (Bankr. N.D. Ohio 1991) ("The facts required to prove nondischargeability under section 523(a)(2)(A) of the Bankruptcy Code are substantially the same as those required to prove fraud under Ohio law."), *aff'd*, 3 F.3d. 958 (6th Cir. 1993); *In re Francis*, 226 B.R. 385, 389 (B.A.P. 6th Cir. 1998) ("The Panel concludes that the bankruptcy court properly

9

found 'that the elements of a dischargeability claim under 11 U.S.C. § 523(a)(2)(A) are virtually identical to the elements of a fraud claim in Ohio.' "). In addition, plaintiffs have failed to identify how the elements of an Ohio fraud claim differ from the elements needed to establish nondischargeability for false pretenses or false representation under § 523(a)(2)(A). Therefore, this Court finds that the facts underlying plaintiffs' nondischargeability claim under 11 U.S.C. § 523(a)(2)(A) were "actually and directly litigated" in the state court action and are barred from relitigation before this Court.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted based upon the state court jury findings and issue preclusion. Defendant's judgment debt owed to the plaintiffs is dischargeable.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge